Javier v New York City Hous. Auth. (2018 NY Slip Op 03736)





Javier v New York City Hous. Auth.


2018 NY Slip Op 03736


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


6643 154636/13

[*1]Yanil Javier, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Law Office of Ephrem J. Wertenteil, New York (Ephrem J. Wertenteil of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered April 21, 2017, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to establish its entitlement to judgment as a matter of law in this action where plaintiff was injured when, while descending an exterior stairway of a premises owned and operated by defendant, she tripped and fell on a crack that was allegedly present in the stairway. The record shows that defendant failed to demonstrate that it lacked actual notice of the stairway defect, since an April 2012 building inspection report states that the property's ramps, steps and railing required repair. Defendant also failed to demonstrate that it did not have constructive notice of the alleged defect, because it submitted evidence only as to the building's general cleaning routine, and failed to show when the stairway had last been inspected prior to the accident (see Rodriguez v Board of Educ. of the City of N.Y., 107 AD3d 651, 652 [1st Dept 2013]).
In light of defendant's failure to meet its initial burden to establish that it lacked actual or constructive notice of the defective condition of the stairway, the burden never shifted to plaintiff to establish how long the condition was in existence (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK